# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ MARIA ORTIZ,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>SODEXHO OPERATIONS, LLC;<br>SODEXHO, INC. AND AFFILIATED<br>COMPANIES; et al.,<br><br>　　　　　　　　Defendants. | CASE NOS.: 11-CV-1295 JLS (RBB)<br>and 10-CV-2224 JLS (RBB)<br><br>**ORDER: GRANTING<br>DEFENDANTS' MOTION FOR<br>SUMMARY JUDGMENT** |

Presently before the Court are Defendant Sodexo, Inc. and Sodexo Operations, LLC's[1] motions for summary judgment in two cases: *Ortiz v. Sodexho Operations, LLC*, Case No. 11-CV-1295 JLS (RBB) [hereinafter *Ortiz I*], and *Ortiz v. Sodexho, Inc.*, Case No. 10-CV-2224 JLS (RBB) [hereinafter *Ortiz II*]. (*Ortiz I* ECF No. 55; *Ortiz II* ECF No. 32.) Having considered the parties' arguments and the law, the Court **GRANTS** Sodexo's motions.

//

//

---

[1] Moving Defendants are named in Plaintiff's complaints as "Sodexho, Inc." and "Sodexho Operations, LLC," respectively. In 2008, however, letter "h" was deleted from the Sodexo Group's name "to support the Group's strategic transformation into a Services company." Press Release, Sodexo, Sodexho Becomes Sodexo (Jan. 22, 2008), available at http://www.sodexo.com/group_en/Images/sodexo_brand_evolution_080123_tcm13-98574.pdf. Accordingly, **THIS ORDER** refers to moving Defendants by their current name, rather than the names used in the complaints.

**BACKGROUND**

**1.   *Ortiz I***

Plaintiff filed *Ortiz I* on March 1, 2010, in the Superior Court of California for the County of Los Angeles.  (*Ortiz I* Notice of Removal ¶ 1, *Ortiz I* ECF No. 1.)  Sodexo removed the case to the United States District Court for the Central District of California on June 10, 2010.  (*Ortiz I* Notice of Removal.)  The operative first amended complaint alleges nine claims against Sodexo for violations of the California Labor Code and California Business and Professions Code.  (*Ortiz I* FAC, *Ortiz I* ECF No. 29.)

On January 7, 2011, Sodexo moved for summary judgment in *Ortiz I*, contending that the entire action is barred by the doctrine of judicial estoppel.  (Mem. ISO *Ortiz I* MSJ 1, *Ortiz I* ECF No. 57.)  The hearing on Sodexo's summary judgment motion was continued multiple times (*Ortiz I* ECF Nos. 61, 67, 73, 75, 77), and Judge Manuel L. Real eventually declined to rule on the motion.  (*Ortiz I* ECF No. 80.)  Instead, he transferred the case to this district (*Ortiz I* ECF No. 81), where it originally was assigned to Judge Irma E. Gonzalez.  (*Ortiz I* ECF No. 83.)  Then, under Civil Local Rule 40.1(d), the case was transferred to this Court.  (*Ortiz I* ECF No. 89.)  Accordingly, Sodexo's summary judgment motion is now pending before this Court.  (*See Ortiz I* ECF Nos. 90, 93.)

**2.   *Ortiz II***

Plaintiff filed *Ortiz II* on June 14, 2010, in the Superior Court of California for the County of San Diego.  (*Ortiz II* Notice of Removal ¶ 1, *Ortiz II* ECF No. 1.)  After Plaintiff disclosed that she is seeking more than $1,000,000 in damages (Wohl Decl. ISO *Ortiz II* Notice of Removal Ex. E), Sodexo removed the case to this Court on October 27, 2010.  (*Ortiz II* Notice of Removal.)  The operative complaint alleges two claims for sexual harassment and wrongful discharge against Sodexo and an individual defendant, named in the complaint as "Tom."  (Wohl Decl. ISO Ortiz II Notice of Removal Ex. A (*Ortiz II* Compl.), ECF No. 1-1.)

Sodexo moved to transfer *Ortiz II* to the Central District of California on November 9, 2011.  (*Ortiz II* ECF No. 5.)  Plaintiff responded to Sodexo's change of venue motion and concurrently moved to remand the case to state court on the ground that complete diversity of citizenship did not exist.  (*Ortiz II* ECF Nos. 10–11.)  The Court took the motions under submission and issued a written

1  order denying both motions. (*Ortiz II* ECF No. 38.) On July 8, 2011, Sodexo filed the instant motion
2  for summary judgment. (*Ortiz II* ECF No. 32.)

3  **3.    Ortiz Bankruptcy**

4  On April 8, 2010—after she filed *Ortiz I* (*Ortiz I* Notice of Removal ¶ 1) and obtained
5  right-to-sue notices for the *Ortiz II* claims (Wohl Decl. ISO *Ortiz II* Notice of Removal Exs.
6  F–H)—Plaintiff filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for
7  the Southern District of California. (First Wohl Decl. ISO *Ortiz I* MSJ Ex. D, *Ortiz I* ECF No. 55-1;
8  Wohl Decl. ISO *Ortiz II* MSJ Ex. K, *Ortiz II* ECF Nos. 32-2 to 32-4.) On July 13, 2010, the
9  Bankruptcy Court granted Plaintiff a full discharge of debts. (First Wohl Decl. ISO *Ortiz I* MSJ Ex.
10 E; Wohl Decl. ISO *Ortiz II* MSJ Ex. L.)

11 In the schedule of assets accompanying her bankruptcy petition, Plaintiff failed to disclose the
12 claims asserted in *Ortiz I* and *Ortiz II* and affirmatively represented that she had no such claims. (First
13 Wohl Decl. ISO *Ortiz I* MSJ Ex. D (Schedule B, question 21 and Statement of Financial Affairs,
14 question 4(a)); Wohl Decl. ISO *Ortiz II* MSJ Ex. K (same).) At her deposition in *Ortiz I*, Plaintiff
15 acknowledged that she knew about her lawsuits against Sodexo when her bankruptcy petition was
16 filed. (First Wohl Decl. ISO *Ortiz I* MSJ Ex. D (*Ortiz I* Dep.), at 58, Oct. 25, 2010; Wohl Decl. ISO
17 *Ortiz II* MSJ Ex. E (*Ortiz I* Dep.), at 58, Oct. 25, 2010.) She allegedly disclosed the claims to her
18 bankruptcy attorneys but did not know that the claims should be listed on her statement of assets.
19 (*Ortiz I* Dep. 58; *accord* Ortiz Decl. ISO Opp'n to *Ortiz I* MSJ ¶¶ 5–7, *Ortiz I* ECF No. 64; Ortiz Decl.
20 ISO Opp'n to *Ortiz II* MSJ ¶¶ 5–7, *Ortiz II* ECF No. 35-1.)

21 On March 25, 2011, while Sodexo's motion for summary judgment was pending in *Ortiz I*,
22 Plaintiff moved to reopen her bankruptcy case for the purpose of "[a]mending Schedules B[ and] C[,]
23 and Statement of Financial Affairs to include two pending lawsuits against a former employer."
24 (Third Wohl Decl. ISO *Ortiz I* MSJ Ex. F, *Ortiz I* ECF No. 91-1; Wohl Decl. ISO *Ortiz II* MSJ Ex.
25 M; accord Third Wohl Decl. ISO *Ortiz I* MSJ Exs. G–I; Wohl Decl. ISO *Ortiz II* MSJ Exs. N–P.) The
26 Acting United States Trustee filed a limited opposition supporting Plaintiff's motion to reopen but
27 requesting appointment of the prior Chapter 7 Bankruptcy Trustee, Nancy Wolf. (Third Wohl Decl.
28 ISO *Ortiz I* MSJ Exs. J–K; Wohl Decl. ISO Ortiz II MSJ Exs. Q–R.) On May 16, 2011, the

Bankruptcy Court granted Plaintiff's motion to reopen and reappointed Ms. Wolf as the Chapter 7 Bankruptcy Trustee. (Third Wohl Decl. ISO *Ortiz I* MSJ Exs. L–O; Wohl Decl. ISO *Ortiz II* MSJ Exs. S–V.) Since the reopening of Plaintiff's bankruptcy case, Ms. Wolf has exercised control over Plaintiff's lawsuits against Sodexo, including engaging—through counsel—in settlement discussions with Sodexo. (Third Wohl Decl. ISO *Ortiz I* MSJ ¶ 4; Suppl. Wohl Decl. ISO *Ortiz II* MSJ ¶ 2.)

On September 23, 2011, Plaintiff and Defendants both filed late Declarations stating that an open auction of Plaintiff's claims had been held on September 22, 2011, before Bankruptcy Judge Laura S. Taylor. (Fifth Wohl Decl. ISO *Ortiz I* MSJ, *Ortiz I* ECF No. 102; Ortiz Aff., *Ortiz I* ECF No. 104; Second Wohl Decl. ISO *Ortiz II* MSJ, *Ortiz II* ECF No. 47; Ortiz Aff., *Ortiz II* ECF No. 49.) The winning bid for the claims was made by Rastegar & Matern ("R&M"), Ms. Ortiz's counsel of record in *Ortiz I* and *Ortiz II*. (Fifth Wohl Decl. ISO *Ortiz I* MSJ ¶ 3.) Under the terms of the bid, R&M agreed to pay $62,500 for ownership of Ms. Ortiz's claims in *Ortiz I* and *Ortiz II*, and Ms. Ortiz waived the rights to any distribution from the Ortiz bankruptcy estate. (*Id.*) Under this new arrangement, the bankruptcy estate will be able to satisfy 100% of the claims of all the creditors in the Ortiz bankruptcy, as well as all other fees owed by the estate. (*Id.*)

## LEGAL STANDARD

Federal Rule of Civil Procedure 56 permits a court to grant summary judgment where (1) the moving party demonstrates the absence of a genuine issue of material fact and (2) entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Material," for purposes of Rule 56, means that the fact, under governing substantive law, could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). For a dispute to be "genuine," a reasonable jury must be able to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.

The initial burden of establishing the absence of a genuine issue of material fact falls on the moving party. *Celotex*, 477 U.S. at 323. The movant can carry his burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party "failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 322–23. "Disputes over

irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. *Celotex*, 477 U.S. at 324. The nonmoving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." Anderson, 477 U.S. at 256. When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

According to Defendants, summary judgment is appropriate on two separate and independent grounds. First, Defendants contend Plaintiff lacks standing to pursue her pre-bankruptcy petition claims because they are the property of the bankruptcy estate. (Second Suppl. *Ortiz I* Mem. 2–4, *Ortiz I* ECF No. 91; Mem. ISO *Ortiz II* MSJ 8–10, *Ortiz II* ECF No. 32-1.) Second, Defendants contend that the doctrine of judicial estoppel bars both actions because Plaintiff failed to disclose the existence of her claims in her bankruptcy petition. (Mem. ISO *Ortiz I* MSJ 3–15, *Ortiz I* ECF No. 57; Mem. ISO *Ortiz II* MSJ 10–24.)

**1.    Plaintiff Has Standing to Pursue Her Claims**

Defendants' first argument is that Plaintiff lacks standing to pursue the claims in *Ortiz I* and *Ortiz II* because the claims are the property of the bankruptcy estate. However, both parties agreed at oral argument on September 23, 2011, that the sale of these claims to R&M the previous day before Bankruptcy Judge Taylor resolved the standing issue. The claims are no longer the property of the bankruptcy estate, and instead belong to R&M. As such, Defendants do not contest that Ms. Ortiz, through R&M, has standing to bring the claims in *Ortiz I* and *Ortiz II*. Thus, the Court will turn below to Defendants' second argument in support of their motions for summary judgment.

//

//

//

**2.    The Doctrine of Judicial Estoppel Bars Plaintiff's Claims**

Defendants' second argument is that the doctrine of judicial estoppel bars Plaintiff's claims because Plaintiff failed to disclose the claims in the schedule of assets accompanying her April 8, 2010 bankruptcy petition. "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas.Co.*, 270 F.3d 778, 782 (9th Cir. 2001). Courts invoke judicial estoppel "not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of 'general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings,' and to 'protect against a litigant playing fast and loose with the courts.'" *Id.* (quoting *Russel v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)) (alteration in original).

In the bankruptcy context, judicial estoppel applies to bar a debtor from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements. *Id.* at 783; see *Cannon-Stokes*, 453 F.3d at 448 ("All six appellate courts that have considered this question hold that a debtor in bankruptcy who denies owning an asset, including a chose in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends." (citing *inter alia*, *Hamilton*, 270 F.3d 778)). Prohibiting a debtor from asserting undisclosed claims protects the integrity of the bankruptcy system because a debtor who fails to disclose potential claims as assets deceives both the bankruptcy courts and her creditors, who rely on the schedules to determine what action, if any, they will take in the matter. *Id.* at 785.

In determining whether to invoke judicial estoppel, courts consider three factors: "(1) whether a party's later position is 'clearly inconsistent' with its original position; (2) whether the party has successfully persuaded the court of the earlier position, and (3) whether allowing the inconsistent position would allow the party to 'derive an unfair advantage or impose an unfair detriment on the opposing party.'" *United States v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001)).

All three factors are met here. First, Plaintiff's assertion of her claims against Sodexo here is clearly inconsistent with her affirmative representation on her bankruptcy schedules that she had no

such claims. (First Wohl Decl. ISO *Ortiz I* MSJ Ex. D (Schedule B, question 21 and Statement of Financial Affairs, question 4(a)); Wohl Decl. ISO *Ortiz II* MSJ Ex. K (same); see *Hamilton*, 270 F.3d at 784 (holding that debtor "clearly asserted inconsistent positions" by failing to list claims as assets and then later suing on same claims).) Second, Plaintiff successfully persuaded the bankruptcy court to accept her earlier position, which it did when it granted Plaintiff a full discharge of her debts, in reliance on her omission of known claims. (First Wohl Decl. ISO *Ortiz I* MSJ Ex. E; Wohl Decl. ISO *Ortiz II* MSJ Ex. L; *see Stallings v. Hussman Corp.*, 447 F.3d 1041, 1048 (8th Cir. 2006) (citing *Hamilton*, 270 F.3d at 784); *Hamilton*, 270 F.3d at 784 ("[A] discharge of debt by a bankruptcy court . . . is sufficient acceptance to provide a basis for judicial estoppel . . . .")) Third, Plaintiff obtained the benefits of receiving a discharge of her debts. Accordingly, judicial estoppel bars Plaintiff's claims.

Plaintiff advances three arguments in opposition to application of judicial estoppel, all of them unpersuasive. First, Plaintiff contends that the Ninth Circuit "requires proof of fraud, chicanery or bad faith, over and above mere nondisclosure," before judicial estoppel can apply. (Opp'n to *Ortiz I* MSJ 4–7, ECF No. 62; Opp'n to *Ortiz II* MSJ 11–16.) The Court disagrees. While a court may consider a plaintiff–debtor's bad faith, *see Johnson v. Ore. Dep't of Human Res.*, 141 F.3d 1361, 1369 (9th Cir. 1998) ("If incompatible positions are based not on chicanery, but only on inadvertence or mistake, judicial estoppel does not apply."), affirmative evidence of bad faith is not a necessary prerequisite to application of the judicial estoppel in the bankruptcy context, *see Hamilton*, 270 F.3d at 784 ("Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset."). Rather, in bankruptcy cases, courts infer bad faith "based on a plaintiff's knowledge of fact supporting the undisclosed claim." *Cannata v. Wyndham Worldwide Corp.*, — F. Supp. 2d —, 2011 WL 2910112, at *6 (D. Nev. July 21, 2011) (citing *Hamilton*, 270 F.3d at 784).

Here, it is undisputed that Plaintiff knew of the facts supporting her claims against Sodexo when she filed her bankruptcy petition—she admitted as much in her deposition in *Ortiz I*. (First Wohl Decl. ISO *Ortiz I* MSJ Ex. D (*Ortiz I* Dep.), at 58, Oct. 25, 2010; Wohl Decl. ISO *Ortiz II* MSJ

Ex. E (*Ortiz I* Dep.), at 58, Oct. 25, 2010.) Even taking as true Plaintiff's allegation that she disclosed the claims to her bankruptcy attorney, her nondisclosure cannot be considered inadvertent. *Barger v. City of Cartersville*, 348 F.3d 1289, 1295 (11th Cir. 2003) ("Although it is undisputed that Barger's attorney failed to list Barger's discrimination suit on the schedule of assets despite the fact that Barger specifically told him about the suit, the attorney's omission is no panacea.") Accordingly, her failure to list the claims in her schedule of assets despite knowing the underlying facts where she had motive to conceal the facts is sufficient evidence of bad faith for judicial estoppel to apply. *Hamilton*, 270 F.3d at 784.

Second, Plaintiff argues judicial estoppel should not apply because Ms. Ortiz re-opened her bankruptcy case to correct the omission of these claims. Because the creditors have been made whole, Plaintiff contends there is no harm. Further, Plaintiff argues this effort to re-open the bankruptcy proceedings is evidence that her omission was inadvertent. However, these efforts at honest disclosure came too late, and the re-opening of bankruptcy proceedings or relative extent to which creditors are made whole after the fact does not bar the application of judicial estoppel. *Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282, 1288 (11th Cir. 2002) ("The success of our bankruptcy laws requires a debtor's full honest disclosure. Allowing [plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them."); *accord Laisure-Radke v. Pharmaceutical Resources, Inc.*, 313 F. App'x 32, 34 (9th Cir. 2009).

Third, Plaintiff attempts to avoid application of judicial estoppel by pointing to various cases in which courts declined to apply judicial estoppel. However, all of these cases are distinguishable or unpersuasive for the reasons discussed below.

In *Yoshimoto*, despite recognizing that the requirements for judicial estoppel were met, the court nonetheless declined to apply judicial estoppel because "recovery might aid the bankruptcy estate's creditors, and there might be other solutions to police [the debtor's] inconsistencies without punishing the creditors . . . ." *Yoshimoto v. O'Reilly Automotive, Inc.*, 2011 WL 2197697, at *11 (N.D. Cal. June 6, 2011). This holding conflicts with the Ninth Circuit's in *Hamilton*, 270 F.3d at 784, and has been certified for interlocutory review, *Yoshimoto v. O'Reilly Automotive, Inc.*, 2011 WL

2669604 (N.D. Cal. July 7, 2011). Furthermore, as discussed above, because of R&M's payment to the Ortiz bankruptcy estate for the rights to the claims in *Ortiz I* and *Ortiz II*, all of the creditors will recover in full. Thus, judicial estoppel in this case does not operate to deny recovery to creditors in any way, even if such denial were a compelling reason to bar its application. For these reasons, the Court finds *Yoshimoto* unpersuasive.

*In re Cheng*, 308 B.R. 448 (BAP 9th Cir. 2004), is distinguishable. In that case, the debtor-in-possession made two different representations regarding the amount of a third-party lien. *Id.* at 452. The debtors made the representations in different capacities—once for their own account, and once as a debtor-in-possession. *Id.* at 454. Because the debtors had different interests when acting in each capacity, the court remanded for an analysis of whether the parties' differing representations were "clearly inconsistent" for the purpose of applying judicial estoppel. *Id.* at 462. No such considerations are present here—Plaintiff's interest has always been to maximize her personal recovery.

Finally, *Cloud v. Northrop Grumman Corp.*, 79 Cal. Rptr. 2d 544 (Cal. Ct. App. 1998), and *Kelsey v. Waste Mgmt.*, 90 Cal. Rptr. 2d 510 (Cal. Ct. App. 1999), are inapposite because they applied California—rather than federal—judicial estoppel doctrine.

Plaintiff took clearly inconsistent positions regarding her claims against Sodexo, and the bankruptcy court accepted the earlier position in granting Plaintiff a discharge. The integrity of the bankruptcy system depends on full and honest disclosure by debtors of their assets, and allowing Plaintiff to assert these claims now would subvert that important goal. Accordingly, the doctrine of judicial estoppel bars her claims.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Sodexo's motions for summary judgment. This Order concludes the litigation in this matter. The Clerk shall close the files.

**IT IS SO ORDERED.**

DATED: September 27, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge